UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN MICHAEL STEVENS, | Case No. 2:25-cv-0785-DAD-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| SHUGE NITE, | |
| Defendants. | |

Plaintiff, a state inmate proceeding pro se, brings this § 1983 action against another inmate, Marion Hugh, a former Sonoma Sheriff's Sergeant Brad James, and a former appellate attorney investigator, Kathleen Culhane. ECF No. 11. The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendant James—a former Sonoma Sheriff's Sergeant—entered into a contract with inmate defendant Hugh to kill plaintiff so that plaintiff would stop pursuing his appeal against James. ECF No. 11 at 3. Plaintiff claims that Hugh used a prison tablet to threaten plaintiff's three sons. *Id.* Plaintiff further alleges that defendant Culhane forged plaintiff's name when she worked for an appellate attorneys' association. *Id.*

The complaint is deficient to proceed past screening. As I informed plaintiff in my prior screening order, to state a § 1983 claim, he must allege that defendants were acting under the color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). There are no allegations that the inmate, the former police officer, or former appellate attorney were acting under the color of state law.

1       Further, the complaint attempts to join distinct events, yet the court can discern no
2  connection between the allegations surrounding James and Hugh and the allegations surrounding
3  Culhane.  Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff cannot bring
4  unrelated claims against different defendants.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir.
5  2007) ("Unrelated claims against unrelated defendants belong in different suits.").  In other
6  words, a plaintiff cannot join claims against defendant B that have nothing to do with those
7  brought against defendant A.
8       Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow
9  plaintiff a chance to amend his complaint before recommending that this action be dismissed.
10 Plaintiff should take care to add specific factual allegations against each defendant.  If plaintiff
11 decides to file an amended complaint, the amended complaint will supersede the current one.  *See*
12 *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the
13 amended complaint will need to be complete on its face without reference to the prior pleading.
14 *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer
15 serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to
16 assert each claim and allege each defendant's involvement in sufficient detail.  The amended
17 complaint should be titled "Second Amended Complaint" and refer to the appropriate case
18 number.  If plaintiff does not file an amended complaint, I will recommend that this action be
19 dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's amended complaint, ECF No. 11, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:  June 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE